[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 118
The plaintiff, Carol Perez, filed a three-count amended complaint against the defendants, Scott E. Paolini, Felix F. Callari, Inc. and Callari Auto Group, Inc. on February 2, 1998. The plaintiff alleges that she was involved in a motor vehicle accident with Paolini on May 2, 1996, which caused her various injuries. In addition, the plaintiff alleges that as a result of her physical injuries and subsequent operations, she relapsed into substance abuse. (Count One, ¶ 16) The plaintiff also alleges that as a result of her substance abuse she lost custody of her children, causing a loss of filial consortium. (Count One, ¶¶ 17 and 18) The defendants filed a motion to strike on February 18, 1998, arguing that these claims are not reasonably foreseeable and thus do not create a duty.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
"The law only imposes liability for an injury that is a foreseeable consequence of the failure to exercise reasonable care." Reed v. Norwalk Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146525 (August 27, 1996, Stevens, J.) (17 Conn. L. Rptr. 486, 488). In determining whether the subject injuries were a foreseeable consequence of the defendants' alleged negligence, three questions should be considered. First, was the defendants' CT Page 4451 negligence a substantial factor in causing the injuries? Second, was it foreseeable that harm of the same general nature would result even if the defendants did not foresee or should not have foreseen the extent of the harm or the manner in which it occurred? Third, was there a chain of causation between the defendants' alleged negligence and the resulting damages? See D. Wright, J. Fitzgerald N. Ankerman, Connecticut Law of Torts (3rd Ed. 1991) §§ 32 and 33.
Based upon these three considerations, the motion to strike paragraph sixteen is denied. The plaintiff's alleged relapse into substance abuse due to her back injury was caused in substantial part by the defendants' alleged negligence. This alleged relapse was a foreseeable harm of the same general nature which results from the type of medical treatment the plaintiff required due to her injuries. Finally, there is a clear chain of causation between the defendants' negligence and the plaintiff's injury.
However, the motion to strike paragraphs seventeen and eighteen is granted. The plaintiff's loss of custody of her children and loss of filial consortium are too remote and tenuous to be considered a foreseeable consequence of the defendants' negligence. Further, the plaintiff's loss of custody of her children was not substantially caused by the defendants' negligence, but is at least one step removed from the physical injuries which are alleged to have caused the plaintiff to lose custody of her children.
Accordingly, the motion to strike is denied as to paragraph sixteen, but granted as to paragraphs seventeen and eighteen.[1]
DAVID W. SKOLNICK, JUDGE